## B. P. MITCHELL *v.* JAMES WOODLINGTON, ET AL.

**Principal and Surety—Indemnity of Surety.**

Where the surety takes a mortgage to indemnify him against loss by reason of being surety he can give no cause of action against his principal before paying the debt unless his indemnity is insufficient or it becomes necessary to sue to prevent mortgaged property from being removed, disposed of, or injured.

APPEAL FROM CALDWELL CIRCUIT COURT.

June 15, 1875.

OPINION BY JUDGE LINDSAY:

A surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after the same has become due, and in certain contingencies may sue to obtain indemnity before the debt or liability becomes due. But where, as in this case, he takes a mortgage by way of indemnity, at the time the liability is incurred, he can have no cause of action against his principal, unless his indemnity is insufficient, or unless it is necessary to sue to prevent the mortgaged property from being removed, disposed of, or injured, until he discharges the debt or liability for which he is bound.

The warrant and statement in this case shows that Woodlington held an indemnity. There is no suggestion that it was not amply sufficient to secure him. It also shows that he had paid nothing on account of his suretyship, and no reason whatever was assigned for asking the interposition of a court of equity. When his attachment was discharged, he was left in court without even an apparent right of action against Mitchell.

The fact that he paid the debt, or a portion of the debt, after the institution of the action, could not authorize a judgment in his favor without an amendment to his statement setting up the fact of payment; and this amendment would not have been made after the court had properly determined that the order of attachment was wrongfully sued out. Proof of this subsequent payment was inadmissible, as the case stood at the time of the trial. Judgment *reversed,* and cause remanded with instructions to dismiss appellees' warrant, without prejudice.

*George W. Duvall, for appellant.     James R. Hulett, for appellees.*